**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**AERO–MEXICO, Defendant-Appellant.**

**No. 79–3607.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1981.
Decided July 13, 1981.

**9.** *See* note 5, *supra.*

Richard David Rogen, Nissman & Rogen, Los Angeles, Cal., for defendant-appellant.

Katherine V. Tooks, Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, and FERGUSON, Circuit Judge, and QUACKENBUSH,* District Judge.

QUACKENBUSH, District Judge.

Aero-Mexico appeals to this court from the district court's grant of the government's motion for summary judgment for

* The Honorable Justin L. Quackenbush, U. S. District Judge, for the Eastern District of

$700, the amount of a fine imposed against it by the Board of Immigration Appeals for illegally "landing" an alien in the United States.

## FACTUAL BACKGROUND

On April 20, 1974, Aero-Mexico, a Mexican commercial air carrier, transported one Manuel Meza-Valdez, an alien, into the United States at Los Angeles, California from Tijuana, Mexico aboard its Flight 148. Upon landing, Mr. Meza was presented by Aero-Mexico to an officer of the United States Immigration and Naturalization Service for inspection. The Immigration officer determined preliminarily that Mr. Meza should be excluded from entry into the United States. Aero-Mexico was directed to present Mr. Meza at the Los Angeles office of the Immigration and Naturalization Service (I.N.S.) for an exclusion hearing on April 22, 1974. Aero-Mexico hired Lawrence Security to provide detention custody for Mr. Meza. The armed guard from Lawrence Security held Mr. Meza in custody at the Hacienda Hotel in Room 124. The following morning when the security agent opened the door for a hotel employee, Mr. Meza grabbed the guard's gun, held the guard and hotel employee at gun point, and thereby effected his escape. Apparently Meza has never been recaptured.

On May 20, 1974, the I.N.S. served notice upon Aero-Mexico of its intent to impose a $1,000.00 fine upon Aero-Mexico by reason of its failure to prevent the "landing" of Mr. Meza. Aero-Mexico's petition for remission of the $1,000 fine was denied by the I.N.S. District Director. After Aero-Mexico unsuccessfully pursued all of its administrative remedies, the I.N.S. reduced the fine to $700.00. Aero-Mexico did not appeal the administrative determination. On April 19, 1979, the government filed the instant action to collect the $700.00 fine and was awarded summary judgment on its claim.

Washington, sitting by designation.

## DISCUSSION

■ Aero-Mexico admits that it failed to present the alien at the place designated by the I.N.S. This failure establishes a prima facie case that the alien had illegally "landed". 8 U.S.C. § 1321(b). Aero-Mexico argues that the alien had already "landed" when he was presented by it to the I.N.S. at Los Angeles International Airport for preliminary inspection. A "landing" does not mean the landing of the aircraft and presentation of an alien to immigration officials for preliminary examination. *Shaughnessy v. Mezei*, 345 U.S. 206, 215, 73 S.Ct. 625, 631, 97 L.Ed. 956 (1953). Aero-Mexico's position is contrary to 8 U.S.C. § 1223(a) which provides in pertinent part:

"(a) Upon the arrival at a port of the United States of any vessel or aircraft bringing aliens (including alien crewmen) immigration officers may order a temporary removal of such aliens for examination and inspection at a designated time and place, but such *temporary removal* shall not be considered a *landing*, . . ." (Emphasis Supplied).

For the foregoing reasons, Aero-Mexico's argument must fail.

■ Aero-Mexico next argues that it is a signatory to a contract with the United States Attorney General pursuant to 8 U.S.C. § 1228 which thereby exempts it from the enforcement provisions of the Immigration and Naturalization Act. 8 U.S.C. § 1321. Aero-Mexico's contract with the Attorney General was pursuant to 8 U.S.C. § 1228(d) which only covers the transportation "through the United States in immediate and continuous transit of aliens destined to foreign countries." Aero-Mexico was not a signatory to a contract with the Attorney General pursuant to 8 U.S.C. § 1228(c) which covers the landing of aliens bound directly to the United States, the circumstances existing in this case and therefore was not entitled to the statutory exemption.

■ Finally, Aero-Mexico contends the I.N.S. impermissibly made it a law enforcement agent in requiring it to produce Mr. Meza at the exclusion hearing. Aero-Mexico's argument is without merit. The duty to detain the alien was imposed by Congress, not the I.N.S. 8 U.S.C. § 1321(a).

## CONCLUSION

While this court might question the necessity for the imposition by the I.N.S. of the maximum fine as remitted under the circumstances of the alien's escape, such a fine was within the discretion of the Service.

The judgment of the district court is AFFIRMED.